IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:20-cv-21994-AHS

FLORIDA FAIR HOUSING ALLIANCE,
INC.

        Plaintiff,

v.

TOP WELL. LLC *d/b/a/* PALM COURT APARTMENTS
AT WELLINGTON

        Defendant.

___

FILED BY ___ PCS ___ D.C.

JUN 16 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEEDURE 12(b)(6) AND MOTION FOR ATTORNEY'S FEES

### INTRODUCTION

The Plaintiff in this matter, Florida Fair Housing Alliance, Inc., is a Florida not for profit corporation formed on February 13, 2020. Plaintiffs alleges that this corporation is a fair housing advocacy organization. Plaintiff's complaint asserts a single cause of action for disparate impact under the Fair Housing Act against Defendant. Plaintiff alleges the Defendant is the owner of an apartment complex in Wellington Florida. Plaintiff allegation are that its employee/agent "field tester" made a single cold called phone number 561-793-8500 and posed as a prospective tenant.

1

Plaintiff alleges a woman who identified herself as Melissa answered. Plaintiff claims he asked Melissa if there was an apartment for rent and that she told him there was a two-bedroom unit available. Tester then told Melissa that he had a felony conviction and asked if his application would be denied. Plaintiff alleges Melissa told the field tester that it would and that was the end of the conversation. Plaintiff does not allege he told Melissa his name or that he was Hispanic. Plaintiff does not allege he asked Melissa who she worked for. Plaintiff does not allege he asked any questions about whose rule or regulation doesn't allow convicted felons. Plaintiff does not allege to have done any investigation to determine what percentage of units are rented to Hispanics and does not allege that there is a disparate percentage of Hispanics at the complex. Plaintiff does not allege to have done any investigation or to have even asked Melissa the reason for the "no felons" rule to know if there is a valid reason. With those incidents as the sum total of "investigation" done by the Plaintiff this suit was filed.

**Argument**

Plaintiff claim, as alleged in the pleadings, is based upon Plaintiff's presumption that if there exists any rule dealing with felons that rule automatically is a violation of the Fair Housing Act under the theory of disparate impact. Plaintiff assumes, based upon a 2014 HUD guidance report he cited that referred to statistics from another report that he has carried his burden of proof as required by 24 CFR § 100.500(c)(1). Plaintiff does not, anywhere in its pleadings, state that there is an actual disparate impact on the residents of the condominium project. Instead the Plaintiff wants the Court to assume that because the HUD report he referred to had referenced statistics that could result in disparate impact that disparate impact exists in all projects with rules about felons. Further, Plaintiff wants the Court to assume that a complex cannot have a valid reason for such rule. Paragraph 13 of plaintiff's complaint pleads:

> The U.S. Department of Housing and Urban Development ("HUD") has found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race ...such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

The plain language of this paragraph, 24 C.F.R. 100.500 (c) ... The Plaintiff, with respect to a claim brought under 42 U.S.C. 3613 (That is what Plaintiff brought this case under), has the burden of proving that the challenged practice caused or predictably will cause a discriminatory effect. Plaintiff has not even attempted to achieve that pleading requirement.

**Memorandum of law**

As will be set forth in greater detail below, Plaintiffs complaint fails to state a cause of action for unlawful discrimination based upon any class or characteristic protected by the Fair Housing Act. Similarly, the complaint fails to state a claim for unlawful disparate impact as the allegation concerning Plaintiff's single cold call encounter lack the requisite factual allegations to establish that alleged policy of not renting to convicted felons has a disparate impact on a protected class.

1. **Standards Governing Motions to Dismiss.**

    Fed. R. Civ. Proc. 12(b)(6) vests a party with the right to move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Dismissal for failure to state a claim is warranted if a cause of action does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be

3

enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. I (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; moreover, it must "'provide the defendant fair notice of what plaintiff[s'] claim[s]'" are, Charles H. Wesley Educ. Found., Inc. v. Cox, 408 Fl.3d 1349, 1352 (11th Cir. 2005) (quoting United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)).

2. **Plaintiff's one Count Complaint is for "Violation of the Fair Housing Act".**

Plaintiffs complaint alleges violation by Defendant of the federal Fair Housing Act, 42 U.S.C. 3601 et seq. Specifically, Plaintiff alleges that its employee/agent "tester", called phone number 561 793-8500 and talked to someone named Melissa. Plaintiff does not allege he asked Melissa who she worked for. Plaintiff assumes and alleges that Melissa is an agent for Top Well LLC which Plaintiff alleges has a d/b/a/ Palm Court Apartments at Wellington. Plaintiff alleges the cold call was to 'test the [Community] for unlawful discriminatory housing practices."

Plaintiff's complaint alleges that it "has suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury and a real and immediate threat of future discrimination by Plaintiff." Plaintiff does not allege that its agent, employee "tester" made Defendant aware of his race or national origin during the alleged phone call nor does Plaintiff allege that he was denied the apartment because of his race or national origin or for any other reason relating to a protected class under the Fair Housing Act.

    a. **The pleading requirement for a valid cause of action for Disparate Impact.**

4

24 CFR § 100.500(c)(1) requires that the plaintiff, with respect to a claim brought under 42 U.S.C. 3613, has the burden of proving that a challenged practice caused or predictably will cause a discriminatory effect. The Plaintiff has simply stated that the Defendant has a policy of not allowing convicted felons to rent in the complex. The Plaintiff has not plead, or even attempted to plead that the challenged practice caused, or predictably will cause a discriminatory effect. Instead, the Plaintiff referred to statements in a HUD report that cited statistical information which discussed the possibilities of certain actions having certain disparate impact under certain conditions. As plead, this case is directly on point with *Carson v Hernandez:* 2018 U.S. Dist. Lexis 185782 (July 26, 2018) citing *Inclusive Cmtys. Project, Inc.* 135 S. Ct. 2507.

> In *Inclusive Communities,* the court held: "[A] disparate impact claim that relies on a statistical disparity must fail if the Plaintiff cannot point to a defendant's policy or policies causing the disparity. A robust causality requirement ensures that [r]acial imbalance does not, without more, establish a prima facie case of disparate impact" and thus protects the defendant from being held liable for racial disparities the did not create. *Id.* At 2523 (quoted case omitted) Accordingly. "[A] plaintiff who fails to allege facts at the pleading state or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Id* at 2523.
> In the case *sub Judice*. Plaintiff has not identified any specific policy or practice of defendants that <u>caused</u> a disparate impact on a protected group. He avers only generally that the "practice and policy" to deny housing from those released from prison and cites purported disparate impact on African Americans based on statistical data. Doc. 3 at 2; 7 at 2-3. Assuming *arguendo,* that Defendants had a policy of rejecting applicants with felony convictions, regardless of the age of the convictions, Plaintiff has wholly failed to demonstrate a "robust causal connection between the alleged policy or practice and the perceived adverse discriminatory effect. *Inclusive Cttys.,* 135 S. Ct. at 2513, Certainly a policy of excluding convicted **felons** for tenancy did not cause the underlying disparity. Plaintiff cites, to-wit, the historical disproportion of African Americans convicted of felony offences in the United States. Doc. 3 at 3. In any event, such a policy is not "otherwise unjustified by a legitimate rational" *Inclusive Cmtys,* 135 S. Ct. at 2513, as it is obviously pertinent to maintaining a crime-free environment.

The only difference between Plaintiff's case and Carson v. Hernandez is that in Plaintiff's case there is no claim that there actually is a disparate number of Hispanics let alone that the policy caused the disparity. Even before the Supreme Court's decision in Inclusive Communities, however, the Eleventh Circuit had already held that at least some "relevant statistical showing" is the minimum required to support a disparate impact claim of discrimination under the Fair Housing Act. In Schwarz v. City of Treasure Island, 544 F.3d 1201 (11th Cir. 2008), an operator of halfway houses for recovering alcoholics (considered "disabled" under the Fair Housing Act) alleged that a city's zoning ordinance had a disparate impact on the protected class of people with disabilities. The operator's claim failed and was dismissed, however, because he provided no comparative data to support a prima facie case of disparate impact. The Schwarz plaintiff failed to provide "an adequate statistical foundation for a disparate impact claim because he presented no comparative data at all," relying instead on a "bald assumption" that the ordinance's effect on the halfway houses would have a disparate impact on recovering alcoholics. Id. at 1217-18.

Under Inclusive Communities, therefore, a prima facie case of disparate impact discrimination will fail unless it demonstrates both relevant statistical disparity (evidence comparing members of the protected class affected by the challenged policy with non-members affected by the challenged policy), and also a plausible showing of "robust causality" between the challenged policy and that statistical disparity. Inclusive Communities at 2522-2523. Succinctly, a "plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." Id.; see also Oviedo Town Center 11, L.L.L.P. v. City of Oviedo, Florida, 759 Fed.Appx. 828 (1 Cir. 2018) (granting defendants' 12(b)(6) motion to dismiss complaint discrimination under the Fair Housing Act).

The Defendant in this matter, is entitled to have its Motion to Dismiss under F.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal for failure to state a claim is warranted if a cause of action does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim." Ashcroft v. Iqbal. Plaintiff has not met the pleading requirements of 24 C.F.R.§100.500(c)(1). Plaintiff failed to meet the burden of proving that the challenged practice caused or predictably will cause a discriminatory effect to a protected class.

Defendant requests that this court retain jurisdiction to determine and grant Defendant attorney's fees as applicable under 42 U.S.C. 3613(c)(2) which allows the court, in its discretion to allow the prevailing party a reasonable attorney's fee and costs.

As Plaintiffs complaint fails to meet even the prima facie element of a disparate impact case (identifying an operative policy allegedly causing a discriminatory effect), the Defendants Motion to Dismiss the under Rule 12(b)(6) should be Granted and Defendants Motion for Attorney's fees under 42 U.S.C.S. (c)(2) should be Granted.

Respectfully submitted this 9TH Day of June 16th day of June 2020.

Thomas F. Ryan P.A.

Is/Thomas F Ryan
Florida Bar Number 293180
636 U.S. 1 Suite 110
North Palm Beach, Florida 33408
Phone 561 723 5725
Fax
Email ryantlaw@aol.com
Attorney for Top Well LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 9, 2020, I presented the foregoing to the Clerk of Court for filing for electronic filing I will e-mail a copy of the foregoing to jibrael@jibraellaw.com and tom@jibraellaw.com. as I am awaiting clearance from cm/ecf and uploading to the Court's electronic portal system, at which time all parties registered to receive notice electronically received electronic service of the foregoing.