IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21994-AHS

FLORIDA FAIR HOUSING ALLIANCE, INC.

       Plaintiff,

       v.

TOP WELL. LLC *d/b/a/* PALM COURT APARTMENTS AT WELLINGTON

       Defendant.

_____

## DEFENDANTS TOP WELL LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEEDURE 12(b)(6) AND MOTION RESERVE JURISDICTION FOR TO AWARD DEFENDANT'S ATTORNEY'S FEES AND MOTION TO STRIKE

Comes not Top Well LLC (Top Well) by and through the undersigned attorney pursuant to Fed. R, Civ. P. 12(B)(1) AND (6) AND Local Rule &.1(a) and moves to dismiss the Amended Complaint [ECF] 11 for failure to state a cause of action, motion to reserve jurisdiction for an award of attorney's fees to Defendant and motion to strike.

## INTRODUCTION

1. The Plaintiff in this matter, Florida Fair Housing Alliance, Inc., (Alliance)is a Florida not for profit corporation formed on February 13, 2020 See Exhibit "A". Plaintiffs alleges that this corporation is a Florida fair housing advocacy organization that offers a variety of programs and services designed to advance fair housing in Florida. They plead that they engage in

education and outreach, provide counseling, undertake investigations and initiate enforcement actions, plus other things.

2. According to the Articles of Incorporation Alliance filed with the State of Florida (Exhibit "A") Alliance is a not for profit corporation and article III of the incorporating documents states that the "specific purpose for which this corporation is organized is: charitable, eliminating prejudice and discrimination of human and civil rights secured by law."

3. Ryan Turizo is the Incorporator, President and Registered agent of the Company. (Exhibit "A")

4. Plaintiff's complaint asserts a single cause of action for disparate impact under the Fair Housing Act against Defendant.

5. The complete and total fact pattern for this claim is that Alliances has a "field tester" who made a single cold call to phone number 561-793-8500. The field tester was connected to someone he claims to be an agent of the Defendant who identified herself as Melissa. Field Tester asked whether rental property was available, to which Defendant responded, without hesitation, that property was available, *namely*, a two-bedroom unit available. Tester then asked whether his rental application would be denied due to his ("field tester's") record felony conviction, to which Defendant retorted: "**yes, with a prior criminal felony they won't accept.**"

## Argument

6. Plaintiff's pleading is long on conclusory statements, but short on facts and plausibility.

7. Plaintiff has ignored Rule 8 (d)(1) *In General.* Each allegation must be simple, concise and direct.

8. Plaintiff pleads that the Tester is a Hispanic, plaintiff does not allege he told Melissa his name or that he was Hispanic.

9. Plaintiff never states that the Tester is Ryan Turizo, the president of Alliance, (See cxhibit "B") although that fact was in the letter sent by the attorney's letter to Top Well Inc.

10. Although Plaintiff has made a 42-paragraph complaint out of that conversation much of the complaint deals with claims not supported by the facts plead, pontificating about the societal problems of criminals, and scenarios statements not related to this matter. (Motion to Strike attached)

11. Plaintiff does not allege to have any knowledge about any statistical data in relation to Palm Beach County.

12. Plaintiff, who claims to be a "Fair Housing Organization" is in actuality, a litigation mill.

13. Ryan Turizo, President of Alliance, has been filing these same boiler plate lawsuits as an individual since 2018. In 2020. In February, 2020 when he formed Alliance, he plugged Alliance in as the Plaintiff, modified the boilerplate language to call Alliance a Fair Housing Authority, and since the formation has filed 9 boilerplate lawsuits, (See exhibit "C") CM/ECF select a case with Florida Fair Housing Alliance as the Plaintiff.

14. Plaintiff filed this amended complaint and moved a few paragraphs around and changed what was paragraph 34 to paragraph 40 and 41 to reflect the language from *Havens Reality Corp. v Coleman,* 455 U.S. 363, 379(1982) which Plaintiff learned about in one of the 8 other cases filed in this District, case No 1:20-cv-21976-RNS but Plaintiff pled no facts to back up this bald pleading.

15. Plaintiff assumes, based upon a 2014 HUD guidance report he cited that referred to statistics from another report that he has carried his burden of proof as required by 24 CFR § 100.500(c)(1).

16. Plaintiff does not allege that he is a HUD, governmental or quasigovernmental Fair Housing Organization or that the Plaintiff and the Tester, Ryan Turizo, follow HUD guidelines for investigations.

17. Further, Plaintiff wants the Court to assume that a complex cannot have a valid reason for such rule. Paragraph 13 of plaintiff's complaint pleads:

    The U.S. Department of Housing and Urban Development ("HUD") has found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race …such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

18. Even though HUD guidelines are not law Plaintiff rests his whole case on these guidelines while ignore the actually language of the paragraph. The paragraph states:

    a. "**Where a policy or practice**" plaintiff ignores this because to demonstrate disparate impact discrimination "misconduct must be more than an isolated to rise to the level of actionable pattern or practice. *United States v Fontainebleau Apartments L.P..*, 566 . Supp.2d 726, (E.D. Tenn. 2008)

    b. "**has a disparate impact on individuals of a particular race**" There is no claim of actual disparity.

    c. "is unlawful under the Fair Housing Act **if it is not necessary to serve a of the housing provider."** Plaintiff has no knowledge of fact and only makes a conclusory statement denying that the Defendant has a substantial, legitimate, nondiscriminatory interest.

**Standards Governing Motions to Dismiss.**

19. Fed. R. Civ. Proc. 12(b)(6) vests a party with the right to move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Dismissal for failure to state a claim is warranted if a cause of action does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. -White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. I (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; moreover, it must "'provide the defendant fair notice of what plaintiff[s'] claim[s]'" are, Charles H. Wesley Educ. Found., Inc. v. Cox, 408 Fl.3d 1349, 1352 (l1th Cir. 2005) (quoting United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (l1th Cir. 2003)).

**Plaintiff's one Count Complaint is for "Violation of the Fair Housing Act".**

20. Plaintiffs complaint alleges violation by Defendant of the federal Fair Housing Act, 42 U.S.C. 3601 et seq. Specifically, Plaintiff alleges that its employee/agent "tester", called phone number 561 793-8500 and talked to someone named Melissa. Plaintiff does not allege he asked Melissa who she worked for. Plaintiff assumes and alleges that Melissa is an agent for Top Well LLC which Plaintiff alleges has a d/b/a/ Palm Court Apartments at Wellington. Plaintiff alleges the cold call was to 'test the [Community] for unlawful discriminatory housing practices."

21. Plaintiff's complaint alleges that it "has suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury and a real and immediate threat of future discrimination by Plaintiff." Plaintiff does not allege that its agent, employee "tester" made Defendant aware of his race or national origin during the alleged phone call nor does Plaintiff allege that he was denied the apartment because of his race or national origin or for any other reason relating to a protected class under the Fair Housing Act.

   **a. The pleading requirement for a valid cause of action for Disparate Impact.**

22. 24 CFR § 100.500(c)(1) requires that the plaintiff, with respect to a claim brought under 42 U.S.C. 3613, has the burden of proving that a challenged practice caused or predictably will cause a discriminatory effect. The Plaintiff has simply stated that the Defendant has a policy of not allowing convicted felons to rent in the complex.

23. The Plaintiff has not plead, or even attempted to plead that the challenged practice caused, or predictably will cause a discriminatory effect. Instead, the Plaintiff referred to statements in a HUD report that cited statistical information which discussed the possibilities of certain actions having certain disparate impact under certain conditions. As plead, this case is the same as *Carson v Hernandez:* 2018 U.S. Dist. Lexis 185782 (July 26, 2018) citing *Inclusive Cmtys. Project, Inc.*135 S. Ct. 2507.

In *Inclusive Communities,* the court held: "[A] disparate impact claim that relies on a statistical disparity must fail if the Plaintiff cannot point to a defendant's policy or policies causing the disparity. A robust causality requirement ensures that [r]acial imbalance does not, without more, establish a prima facie case of disparate impact" and thus protects the defendant from being held liable for racial disparities the did not create. *Id.* At 2523 (quoted case omitted) Accordingly. "[A] plaintiff who fails to allege facts at the pleading state or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Id* at 2523.

In the case *sub Judice*. Plaintiff has not identified any specific policy or practice of defendants that <u>caused</u> a disparate impact on a protected group. He avers only generally that the "practice and policy" to deny housing from those released from prison and cites purported disparate impact on African Americans based on statistical data. Doc. 3 at 2;

7 at 2-3. **Assuming *arguendo*, that Defendants had a policy of rejecting applicants with felony convictions, regardless of the age of the convictions, Plaintiff has wholly failed to demonstrate a "robust causal connection between the alleged policy or practice and the perceived adverse discriminatory effect. *Inclusive Cttys*., 135 S. Ct. at 2513,** (EMP ADDED) Certainly a policy of excluding convicted **felons** for tenancy did not cause the underlying disparity. Plaintiff cites, to-wit, the historical disproportion of African Americans convicted of felony offences in the United States. Doc. 3 at 3. In any event, such a policy is not "otherwise unjustified by a legitimate rational" *Inclusive Cmtys,* 135 S. Ct. at 2513, as it is obviously pertinent to maintaining a crime-free environment.

27. The only difference between Plaintiff's case and Carson v. Hernandez is that in Plaintiff's case there is no claim that there actually is a disparate number of Hispanics let alone that the policy caused the disparity. Even before the Supreme Court's decision in Inclusive Communities, however, the Eleventh Circuit had already held that at least some "relevant statistical showing" is the minimum required to support a disparate impact claim of discrimination under the Fair Housing Act. In Schwarz v. City of Treasure Island, 544 F.3d 1201 (11th Cir. 2008), an operator of halfway houses for recovering alcoholics (considered "disabled" under the Fair Housing Act) alleged that a city's zoning ordinance had a disparate impact on the protected class of people with disabilities. The operator's claim failed and was dismissed, however, because he provided no comparative data to support a prima facie case of disparate impact. The Schwarz plaintiff failed to provide "an adequate statistical foundation for a disparate impact claim because he presented no comparative data at all," relying instead on a "bald assumption" that the ordinance's effect on the halfway houses would have a disparate impact on recovering alcoholics. Id. at 1217-18.

24. Under Inclusive Communities, therefore, a prima facie case of disparate impact discrimination will fail unless it demonstrates both relevant statistical disparity (evidence comparing members of the protected class affected by the challenged policy with non-members affected by the challenged policy), and also a plausible showing of "robust causality"

between the challenged policy and that statistical disparity. Inclusive Communities at 2522-252. Succinctly, a "plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." Id.; see also Oviedo Town Center 11, L.L.L.P. v. City of Oviedo, Florida, 759 Fed.Appx. 828 (l Cir. 2018) (granting defendants' 12(b)(6) motion to dismiss complaint discrimination under the Fair Housing Act).

25. The Defendant in this matter, is entitled to have its Motion to Dismiss under F.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal for failure to state a claim is warranted if a cause of action does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim." Ashcroft v. Iqbal. Plaintiff has not met the pleading requirements of 24 C.F.R.§100.500(c)(1). Plaintiff failed to meet the burden of proving that the challenged practice caused or predictably will cause a discriminatory effect to a protected class.

26. Defendant requests that this court retain jurisdiction to determine and grant Defendant attorney's fees as applicable under 42 U.S.C. 3613(c)(2) which allows the court, in its discretion to allow the prevailing party a reasonable attorney's fee and costs.

27. As Plaintiffs complaint fails to meet even the prima facie element of a disparate impact case (identifying an operative policy allegedly causing a discriminatory effect), the Defendants Motion to Dismiss the under Rule 12(b)(6) should be Granted and Defendants Motion for Retain Jurisdiction to award the Defendant Attorney's fees under 42 U.S.C.S. (c)(2) should be Granted. Wherefore Defendant prays that the motions to strike be granted and the language struck be removed from the pleadings. Respectfully submitted this 21st Day of July 2020.

Thomas F. Ryan
Is/ Thomas F Ryan
Florida Bar Number 293180
Thomas F. Ryan P.A.
636 U.S. 1 Suite 110
North Palm Beach
Florida 33408
Phone 561 723 5725
Fax

Email ryantlaw@aol.com
Attorney for Top Well LLC

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF on this July 21, 2020, to all counsel or parties of record on the service list. Jibrael S. Hindi Esq. and Thomas J. Patti, The law offices of Jibrael S. Hindi PLLC, 110 S.E. 6th St, Suite 1744, Ft. Lauderdale, Florida 33301, jibrael@jibraellaw.com; and tom@jibraellaw.com. Counsel for the Florida Fair Housing Alliance.